UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | |
|---|---|
| JLJ PRODUCTIONS, LLC, | 25 CIV. 7106 |
| | (ECF Case) |
| Plaintiff, | |
| -against- | COMPLAINT |
| SUPERBLUE HOLDINGS, PBC, | Jury Trial Demanded |
| Defendant. | |

------------------------------------------------------X

Plaintiff JLJ Productions, LLC ("JLJ") by its attorneys Cinque & Cinque, P. C. as and for its complaint against defendant Superblue Holdings, PBC ("Superblue") hereby alleges:

1. JLJ is a limited liability company organized under the laws of the State of New York with its principal place of business in the State of New York. The members of JLJ are citizens of New Jersey and California.

2. Superblue is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Florida.

3. This Court has jurisdiction over the subject matter of this action based on diversity of citizenship pursuant to 28 U.S.C. §1332, in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

4. On or about June 21, 2021 JLJ and Superblue entered into a Master Services Agreement (the "MSA") and an accompanying Statement of Work #1 (collectively the "Agreement"), pursuant to which Superblue was to provide certain production, marketing and

operational services to JLJ in connection with its exhibition of art works by Jean-Michel Basquiat in New York City, entitled "King Pleasure" (the "Exhibition").

5. Pursuant to the terms of the Agreement Superblue was to provide certain management services, including but not limited to the oversight of basic bookkeeping, payroll and reporting. Specifically, Superblue was to timely and correctly pay sales taxes out of JLJ's account relating to sales of tickets and products sold at the Exhibition.

6. Superblue represented and warranted in the Agreement that it would perform these services in a professional and workmanlike manner and in accordance with the standard of care prevailing among providers of similar services.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

7. JLJ repeats and realleges the allegations contained in paragraphs 1 through 6.

8. On or about March 28, 2025 JLJ received a "Notice of Intent to Refer Your Debt" from the New York State Department of Taxation and Finance, claiming that sales taxes owed in connection with Exhibition sales were not reported for the period ending February 28, 2023 and that, with interest and penalties, the sum of $155,485.38 was owed for that period. Under the terms of the Agreement Superblue was required to timely report and pay these sales taxes from JLJ's account.

9. JLJ demanded that Superblue pay the $33,089.57 of claimed interest and $29,352.25 of penalties, but despite due demand Superblue has failed to remit these sums to JLJ. JLJ paid the amount demanded by New York State, and accordingly has sustained damages in the amount of $62,441.82.

10. On or about October 11, 2022 Superblue made a payment to New York State from JLJ's account for sales taxes in the amount of $926,483.46. The payment for the period ending May 31, 2022 included $19,166.20 of interest and $65,493.33 of penalties. The payment for the period ending August 31, 2022 included $2,277.48 of interest and $30,564.35 of penalties. Superblue never advised JLJ that it had paid sales tax penalties and interest to New York State. Penalties and interest would not have been due and owing had Superblue performed its obligations under the terms of the Agreement. Accordingly, JLJ has sustained damages in the amount of $117,506.36.

11. On or about July 28, 2023 a tax warrant payment was made by JLJ, which included $2,823.65 of interest and $16,239.76 of penalties. The tax warrant payment would not have been due and owing had Superblue performed its obligations under the terms of the Agreement. Accordingly, JLJ has sustained damages in the amount of $19,063.41.

12. Superblue incorrectly reported sales taxes, as a result of which JLJ overpaid $102,606.03 in sales taxes.

## SECOND CLAIM FOR RELIEF

### (Accounting)

13. JLJ repeats and realleges the allegations contained in paragraphs 1 through 6.

14. JLJ has demanded that Superblue provide accountings, reconciling and verifying that all sales taxes were correctly reported and paid, and that all Exhibition receipts were correctly reported and transferred to JLJ. Specifically, JLJ noted certain discrepancies with respect to sales reports and asked Superblue to provide an explanation for these discrepancies. Superblue has failed to provide the requested information and documentation.

15. JLJ has no adequate remedy at law.

WHEREFORE, JLJ prays for judgment as follows:

(A) on the First Claim for Relief, damages in the minimum sum of $300,000.00;

(B) on the Second Claim for Relief, that Superblue account for all receipts and disbursements made in connection with the "King Pleasure" exhibition and to pay JLJ all sums due pursuant to this accounting; and

( C) that the Court award applicable interest and other relief it deems just and proper.

DATED: NEW YORK, NEW YORK
        AUGUST 27, 2025

                CINQUE & CINQUE, P. C.

                By: _____
                    James P. Cinque (JPC-3673)
                Attorneys for Plaintiff
                355 Lexington Avenue, 8th Floor
                New York, New York 10017
                Telephone: (212) 759-5515
                E-mail:    CINQUE845@aol.com